■   RUSSELL FREY, Plaintiff, v. BETHLEHEM STEEL CORP., Respondent, and G. C. DEPOT CONSTRUCTION Co., Appellant.— Order, Supreme Court, New York County, entered on June 23, 1971, unanimously reversed, on the law, the motion of defendant-appellant G. C. Depot Construction Co. to dismiss the cross complaint of defendant-respondent Bethlehem Steel Corp. granted, and the cross complaint dismissed. Defendant-appellant shall recover of defendant-respondent $50 costs and disbursements of this appeal. There is but one injury claimed by plaintiff in his complaint against both defendants and, except for the additional averment that Bethlehem was the supplier of defective steel rods, the other acts of causal affirmative negligence are indivisibly alleged against both defendants. This is not an "active-passive negligence" situation, and is not rendered so by an attempt in plaintiff's bill of particulars to apportion the specifications of negligence between the defendants. We find here no successive independent acts of tort-feasors or separable damage, as described in the two cases (Melodee Lane Lingerie Co. v. American Dist. Tel. Co., 18 N Y 2d 57; Musco v. Conte, 22 A D 2d 121) relied on by Special Term. "It is well established that the culpability of the party seeking indemnity determines whether recovery over will be permitted (Bush Term. Bldgs. Co. v. Luckenbach S. S. Co., 9 N Y 2d 426; O'Dowd v. American Sur. Co., 3 N Y 2d 347) —that is, the party seeking indemnity must not be in pari delicto with the party against whom such recovery is sought (Bush Term. Bldgs. Co. v. Luckenbach S. S. Co., supra); in other words, he must be a passive, as opposed to an active, tort-feasor." (Jackson v. Associated Dry Goods Corp., 13 N Y 2d 112, 116). Both defendants are accused in pari delicto, and the cross complaint, therefore, may not stand. Concur — McGivern, J. P., Markewich, Murphy, Steuer and Tilzer, JJ.

■   In the Matter of the Arbitration between FLAIR, INC., Respondent, and LADY LONDON, INC., Appellant.— Order, Supreme Court, New York County, entered on May 20, 1971, modifying an arbitration award, unanimously reversed, on the law, the motion denied and the award confirmed. Appellant shall recover of petitioner-respondent $50 costs and disbursements of this appeal. It appears that the parties, by their actions subsequent to entering into a stipulation during the course of the second day of hearings before the arbitrator, waived strict compliance with the terms thereof. In any event, since it is undisputed that the arbitrator's jurisdiction flowed from the exclusive sales agreement between the parties, all questions relating to interpretation of the stipulation and whether or not the parties waived the limitation contained therein were for the arbitrator to resolve. His award is not reviewable by a court for errors of law or fact. (Matter of Colletti, [Mesh], 23 A D 2d 245, 248, affd. 17 N Y 2d 460.) Concur — Stevens, P. J., Capozzoli, Nunez, Kupferman and McNally, JJ.